AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court ⎯⎯⎯⎯⎯ Middle District of Florida ⎯⎯⎯⎯⎯ on the following

**✖** Trademarks or ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>6:23-cv-1563-PGB-DCI | DATE FILED<br>August 16, 2023 | U.S. DISTRICT COURT<br>Middle District of Florida |
|---|---|---|
| PLAINTIFF<br><br>SANFORD AIRPORT AUTHORITY | | DEFENDANT<br><br>GREATER ORLANDO AVIATION AUTHORITY |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1     see attached | | |

| CLERK<br><br>ELIZABETH M. WARREN | (BY) DEPUTY CLERK<br><br>Jordan Keeler | DATE<br><br>August 17, 2023 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SANFORD AIRPORT AUTHORITY,**

      **Plaintiff,**                        **CASE NO.:**

**v.**                                  **JURY DEMAND**

**GREATER ORLANDO AVIATION**
**AUTHORITY,**

      **Defendant.**

_____/

**<u>COMPLAINT</u>**

Plaintiff, Sanford Airport Authority ("Plaintiff") brings this action against Defendant, Greater Orlando Aviation Authority ("Defendant") for *de novo* review of a decision of the Trademark Trial and Appeal Board and for declaratory judgment:

**<u>NATURE OF ACTION</u>**

1.    This is an action under the Lanham Act, <u>15 U.S.C. § 1071(b)</u>, seeking *de novo* judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB" or "Board") of the United States Patent and Trademark Office ("USPTO"). By this action Plaintiff seeks review and reversal of the March 14, 2023 decision of the Board in consolidated TTAB Opposition Proceeding No. 91234602.

2.    The decision by the TTAB to sustain the opposition and refuse Plaintiff's registrations was incorrect and unsupported by law or evidence. Plaintiff seeks a determination by this Court that: (1) Plaintiff's "ORLANDO SANFORD



INTERNATIONAL AIRPORT" and "                    " marks are not confusingly similar to any rights that Defendant may own; (2) that Defendant's attempt to monopolize the phrase "ORLANDO INTERNATIONAL AIRPORT" cannot be sustained as that phrase is generic for international airport services in the Orlando, Florida market; and (3) Defendant's opposition should have been dismissed on the basis of the equitable doctrine of acquiescence because Plaintiff and Defendant have coexisted in the Orlando metropolitan area using their respective names, Orlando Sanford International Airport and Orlando International Airport, for almost thirty years.

3.      The Board issued its final decision on March 14, 2023, and a request for reconsideration was timely filed on April 13, 2023, thus pursuant to 15 U.S.C. § 1071(b) and 37 C.F.R. §§ 2.145(d)(3)-(4) this action is timely.

## THE PARTIES

4.      Plaintiff operates the Orlando Sanford International Airport and has its principal place of business at 1200 Red Cleveland Blvd, Sanford, FL 32773.

5.      Upon information and belief, Defendant operates the Orlando International Airport and has its principal place of business at One Jeff Fuqua Blvd., Orlando, Florida 32827.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1071(b), which permits a party to challenge a final decision of the TTAB by filing a

civil action in district court.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.    Personal jurisdiction is proper over Defendant.  Defendant has purposefully availed itself of the privileges and benefits of doing business in the Middle District of Florida by engaging in business, by having a continuing corporate presence directed toward advancing Defendant's objectives and/or by engaging in a systematic course of conduct in this District. Defendant's contacts with the state of Florida are so substantial, continuous, and systematic that due process is not offended by the Court's exercise of personal jurisdiction.

8.    Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and pursuant to 15 U.S.C. § 1071(b)(4) because the Defendant resides in this judicial district.

## THE ASSERTED TRADEMARKS

9.    Plaintiff is the owner of U.S. Trademark Application Serial No. 87/115,958 for the word mark ORLANDO SANFORD INTERNATIONAL AIRPORT covering "*airport services*" in International Class 39, which remains pending as of the date of this appeal (the "'958 Application").

10.    Plaintiff is the owner of U.S. Trademark Application Serial No. 87/115,959 for the mark shown below covering "*airport services*" in International Class 39, which remains pending as of the date of this appeal (the "'959 Application"):



11.     Defendant is the owner of U.S. Trademark Registration No. 1,565,079 for the design mark shown below covering "*airport services*" in International Class 39 ("Defendant's Design Registration"):



## GENERAL ALLEGATIONS

12.     Plaintiff operates an airport in Sanford, Florida, 25 miles from downtown Orlando, Florida.

13.     Plaintiff's airport is located at 1200 Red Cleveland Blvd in Sanford, Florida.

14.     Sanford, Florida is in the Orlando-Kissimmee-Sanford, FL metropolitan statistical area.

15.     Orlando, Florida is in the Orlando-Kissimmee-Sanford, FL metropolitan statistical area.

16.     Plaintiff's airport is located in the greater Orlando area.

Plaintiff Adopted its ORLANDO SANFORD INTERNATIONAL AIRPORT Mark in 1996

17.     In or around 1995, Plaintiff began discussions publicly about the possibility of changing its name from the Central Florida Regional Airport.  That

4

same year, the International Terminal A was constructed, including Customs and Immigration Services, and International Commercial Aviation commenced with scheduled charter flights from the United Kingdom via Britannia Airlines and Air Tours Operations.

18.    One of the name possibilities considered by Plaintiff was Orlando Sanford International Airport.

19.    In or around 1996, Plaintiff adopted the name "Orlando Sanford International Airport" for its airport.

20.    In 1999, domestic passenger service was established at Plaintiff's airport.

21.    In 2001, Terminal B was constructed at Plaintiff's airport for domestic travel.

22.    The certification and operation of commercial airports in the United States is controlled by the Federal Aviation Administration ("FAA") pursuant to Section 139.1 *et seq*, Code of Federal Regulations.

23.    Section 139.101(a) provides "... no person may operate an airport specified under § 139.1 of this part without an Airport Operating Certificate..."

24.    Plaintiff's Airport Operating Certificate names it as ORLANDO SANFORD INTL.    Defendant's Airport Operating Certificate names it as ORLANDO INTL.

25.    The FAA's Part 139 Airport Certification Status List identifies 2 airports in the "Associated City" of Orlando: (1) ORLANDO INTL [Defendant's

airport]; and (2) ORLANDO SANFORD INTL [Plaintiff's airport].  The FAA's Part 139 Airport Certification Status List can be downloaded at https://www.faa.gov/airports/airport_safety/part139_cert/part_139_airport_ce rtification_status_list.   A copy of the FAA's July 18, 2023 Part 139 Airport Certification Status List is attached as **Exhibit A**.  A copy of the FAA's July 18, 2023 Part 139 Airport Certification Status List filtered to only show the airports in Orlando is attached as **Exhibit B**.

Defendant Obtained an Opinion of Counsel Concerning Plaintiff's New Mark

26.     On or about June 14, 1995, Defendant received an opinion letter from its attorneys concerning Plaintiff's airport's name ("Defendant's Opinion Letter"). A true and correct copy of Defendant's Opinion Letter is attached hereto as **Exhibit C**.

27.     Defendant's Opinion Letter addressed the issue of whether there might be a likelihood of confusion between the airport names.

28.     In Defendant's Opinion Letter, its counsel recommended Defendant share its concerns with Plaintiff, and if the parties could not find an agreeable resolution, then Defendant's Opinion Letter recommended Defendant survey the relevant consumers to determine if indeed there was a likelihood of confusion:

> 2.     If the efforts [to convince Plaintiff to change its name] do not succeed, that GOAA initiate a strategy to survey Packagers and Travelers who have utilized the Sanford airport to determine the extent of confusion which attended their decisions to travel over the Sanford airport.  There are accepted techniques for conducting surveys of this kind.

3.     If the survey results show no significant level of confusion among Packagers and Travelers, it would be reasonable for GOAA to defer further action at that time.

29.     The advice in Defendant's Opinion Letter went on to explain that should the survey show a significant level of confusion, Defendant should consider whether to file suit.

30.     After Defendant initially objected to Plaintiff's new name in or around 1995, Defendant did not raise any further objection to Plaintiff's usage of Plaintiff's trademarks until it opposed Plaintiff's trademark applications in 2017.

31.     Plaintiff has operated the airport under the name "Orlando Sanford International Airport" continuously since at least 1996.

32.     Plaintiff has invested considerably in its ORLANDO SANFORD INTERNATIONAL AIRPORT mark in the 27-years Plaintiff has used its mark.

33.     Plaintiff relied on Defendant's lack of objection to Plaintiff's ORLANDO SANFORD INTERNATIONAL AIRPORT mark in developing and maintaining this brand over the past 27 years.

34.     Notably, Defendant never filed a lawsuit and did not take any adverse action against Plaintiff until the trademark oppositions filed in 2017, 22-years after Plaintiff adopted its ORLANDO SANFORD INTERNATIONAL AIRPORT trademark.   And in the intervening decades of coexistence, both airports have flourished.

Plaintiff's Trademark Applications

35.     After using the ORLANDO SANFORD INTERNATIONAL AIRPORT mark under common law for over two decades, Plaintiff sought registration at the USPTO.

36.     On or about July 26, 2016, Plaintiff applied for registration of the word mark ORLANDO SANFORD INTERNATIONAL AIRPORT for *airport services* in class 37 (i.e. the '958 Application).

37.     On or about July 26, 2016, Plaintiff applied for registration of the design mark shown below for *airport services* in class 37 (i.e. the '959 Application):



38.     True and correct copies the '958 Application and '959 Application are attached hereto as **Exhibits D and E**.

39.     Plaintiff is also the owner of U.S. Trademark Registration No. 5,175,377 (the '377 Registration) for the mark WE ARE SFB: SIMPLER. FASTER. BETTER.  A copy of the '377 Registration is attached hereto as **Exhibit F**.  Notably, the '959 Application incorporates the wordmark of the '377 Registration, namely WE ARE SFB: SIMPLER. FASTER. BETTER. in the applied-for design.

40.     During prosecution of the '958 Application for the word mark, the Examining Attorney issued a single office action, preliminarily refusing registration under 15 U.S.C. § 1052(e) as primarily geographically descriptive.  The Examining Attorney argued that both the ORLANDO and SANFORD elements in the mark are generally known geographic locations, namely, cities in the state of

Florida. However, the Examining Attorney did note Plaintiff's long usage of the mark and advised a claim of acquired distinctiveness would overcome the refusal: "The application record indicates that Plaintiff has used its mark for a long time; therefore, Plaintiff has the option to amend the application to assert a claim of acquired distinctiveness under Trademark Act Section 2(f)." Plaintiff responded with a §2(f) declaration, which was accepted leading to publication of the mark in the '958 Application. A true and correct copy the November 9, 2016 Office Action issued in the '958 Application is attached hereto as **Exhibit G**.

41.    During prosecution of the '959 Application for the design, the Examining Attorney also issued a single office action. That office action required a disclaimer of "ORLANDO SANFORD" and "INTERNATIONAL AIRPORT," which Plaintiff acceded to. The '959 Application then proceeded to publication. A true and correct copy the November 9, 2016 Office Action issued in the '959 Application is attached hereto as **Exhibit H**.

42.    Neither the '958 Application nor '959 Application was refused registration under Trademark Act Section 2(d) in relation to Defendant's Design Registration.

Melbourne Airport Attempts to Rebrand in 2015

43.    Melbourne Airport Authority operates an airport in Melbourne, Florida under the airport code MLB. In or around 2015, Melbourne Airport Authority rebranded the MLB airport from the Melbourne International Airport to the Orlando Melbourne International Airport.

44.     Melbourne Airport Authority also began advertising its services using the domains theorlandoairport.com and theotherorlandoairport.com.   MLB's theotherorlandoairport.com included a tab called "Orlando Area Airport," which linked to a page that was titled "International Orlando Area Airport" which named only the Melbourne International Airport.

45.     Defendant objected to Melbourne Airport Authority's rebranding and websites, and filed suit in the Middle District of Florida in Case No. 6:19-Cv-00540 (the "Melbourne Litigation").

46.     In the Melbourne Litigation, Defendant alleged that MLB is not located in the greater Orlando area.

47.     In the Melbourne Litigation, Defendant alleged that "there are at least five other airports located closer to Orlando than MLB."   On information and belief, Defendant's was alleging *inter alia* that Plaintiff's airport is located closer to Orlando than MLB.

48.     In the Melbourne Litigation, Defendant alleged that MLB is located 70 miles from Orlando.

49.     In the Melbourne Litigation, Defendant alleged that MLB is outside of the Orlando Metropolitan Area, as determined by the U.S. Census Bureau.

50.     Defendant filed the Melbourne Litigation on March 19, 2019. Defendant and the Melbourne Airport Authority reached a settlement agreement resolving the Melbourne Litigation.

The Consolidated Opposition Proceedings at the TTAB

51.     On or about May 17, 2017, Defendant filed Opposition No. 91234602 directed to the '959 Application.

52.     On or about July 26, 2017, Defendant filed Opposition No. 91235774 directed to the '958 Application.

53.     On or about October 12, 2017, the Board consolidated the oppositions.

54.     In the oppositions, Defendant alleged ownership of U.S. Trademark Registration No. 1,565,079 for the design mark shown below (i.e. Defendant's Design Registration):



55.     Defendant did not allege, in the oppositions, ownership of a federal registration for the purported word mark "ORLANDO INTERNATIONAL AIRPORT."

56.     Defendant alleged in both oppositions that there is a likelihood of confusion between Plaintiff's Marks and Defendant's common law usage of the purported word mark "ORLANDO INTERNATIONAL AIRPORT" as well as the design mark in Defendant's Design Registration.

57.     Concerning Plaintiff's '959 Application, Defendant also contends the use of an oval by Plaintiff in its design is likely to cause confusion with Defendant's shaped design.

58.     Defendant did not submit any likelihood of confusion survey to support its position in either opposition proceeding.

The Parties' Twenty-Seven Year Coexistence

59.     The FAA maintains the Airport/Facilities Directory ("AF/D") wherein the FAA classifies airports in various regions.

60.     The FAA classifies five (5) airports in the Orlando region: (i) Orlando SPB, (ii) Kissimmee Gateway, (iii) Orlando International [Defendant's airport] (iv) Executive, and (v) Orlando Sanford International [Plaintiff's airport].

61.     Defendant operates Orlando International Airport, also referred to by its airport code "MCO."

62.     MCO is located approximately 31 miles from Plaintiff's Orlando Sanford International Airport.   MCO is located approximately 14 miles from downtown Orlando.

63.     Upon information and belief, in 2019, Defendant's airport serviced over 50 million passengers.   Upon information and belief, in 2022, Defendant's airport serviced over 50 million passengers.

64.     In the twenty-seven years since Plaintiff changed its name, Defendant's airport has serviced hundreds of millions of passengers.

65.     In 2019, Plaintiff's airport serviced more than 3 million passengers.

66.     Plaintiff has contracts with numerous vendors, none of which was confused as to which airport they were contracting with.

67.     On information and belief, Defendant has contracts with numerous vendors, none of which has been confused as to which airport they were contracting with.

68.     Plaintiff has contracts with numerous airlines, none of which has been confused as to which airport they were contracting with.

69.     On information and belief, Defendant has contracts with numerous airlines, none of which has been confused as to which airport they were contracting with.

The Board's Final Decision

70.     On March 14, 2023, the TTAB issued its final decision, holding that the record evidence: (1) demonstrated a likelihood of confusion between the Plaintiff Marks and Defendant's Design Registration and purported common law mark; and (2) that Defendant's claim was not barred by the equitable doctrine of acquiescence despite significant prejudice to the Plaintiff and delay in asserting its objections to Plaintiff's decades long use of Plaintiff's Marks. A true and correct copy of the TTAB decision is attached hereto as **Exhibit I**.

71.     On April 13, 2023, Plaintiff sought reconsideration of the final decision which the TTAB denied on June 14, 2023.

**COUNT I**
**APPEAL OF TTAB DECISION, 15 U.S.C.§ 1071(b)**

72.     Plaintiff repeats the allegations of paragraphs 1 through 71 above as if set forth fully herein.

73.     On March 14, 2023, the TTAB issued its final decision, which sustained Defendant's opposition to the registration of Plaintiff Marks on the basis of likelihood of confusion, priority of use by Defendant, and denial of Plaintiff's defense of acquiescence.

74.     The final decision by the TTAB in the opposition proceeding is in error and is not supported by either the law or evidence in this matter.

75.     Plaintiff seeks *de novo* review of the TTAB's final decision pursuant to 15 U.S.C. § 1071(b).

76.     Plaintiff seeks to challenge the TTAB's refusal to allow Plaintiff's mark ORLANDO SANFORD INTERNATIONAL AIRPORT to proceed to registration based on the TTAB's incorrect finding that there existed a likelihood of confusion between Plaintiff's mark and the Defendant's Design Registration, and the TTAB's subsequent denial of Plaintiff's Request for Reconsideration.

77.     The TTAB's decision should be vacated, and an order should be entered directing the USPTO to allow registration of Plaintiff's mark ORLANDO SANFORD INTERNATIONAL AIRPORT in U.S. Trademark Application Serial No. 87115958 in connection with *airport services*.

## COUNT II
## APPEAL OF TTAB DECISION, 15 U.S.C. § 1071(b)

78.     Plaintiff repeats the allegations of paragraphs 1 through 71 above as if set forth fully herein.

79.     On March 14, 2023, the TTAB issued its final decision, which sustained Defendant's opposition to the registration of Plaintiff Marks on the basis of likelihood of confusion, priority of use by Defendant, and denial of Plaintiff's defense of acquiescence.

80.     The final decision by the TTAB in the opposition proceeding is in error and is not supported by either the law or evidence in this matter.

81.     Plaintiff seeks de novo review of the TTAB's final decision pursuant to 15 U.S.C. § 1071(b).

82.     Plaintiff seeks to challenge the TTAB's refusal to allow Plaintiff's mark  to proceed to registration based on the TTAB's incorrect finding that there existed a likelihood of confusion between Plaintiff's mark and the Defendant's Design Registration, and the TTAB's subsequent denial of Plaintiff's Request for Reconsideration.

83.     The TTAB's decision should be vacated, and an order should be entered directing the USPTO to allow registration of Plaintiff's mark  in U.S. Trademark Application Serial No. 87115959 in connection with *airport services.*

### COUNT III
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

84.     Plaintiff repeats the allegations of paragraphs 1 through 71 above as if set forth fully herein.

85.     This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that there is no likelihood of confusion between Plaintiff's trademarks and Defendant's Design Registration or Defendants claim to the words ORLANDO INTERNATIONAL AIRPORT as a trademark under the Lanham Act, 15 U.S.C. §1051 et. seq. or under Florida law.

86.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

87.     Defendant opposed registration of Plaintiff's marks in the '958 Application and '959 Application at the TTAB based on an alleged likelihood of confusion.

88.     On March 14, 2023, the TTAB issued its final decision, which sustained Defendant's opposition to the registration of Plaintiff's marks on the basis of likelihood of confusion and priority of use by Defendant.

89.     Absent a declaratory judgment to this effect, Defendant will continue to wrongfully allege that Plaintiff's airport services advertised or sold under Plaintiff's marks are likely to be confused with Defendant's purported trademark rights, thereby causing Plaintiff irreparable injury and damage, including Plaintiff's inability to obtain trademark registrations for Plaintiff's marks.

90.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's marks in connection with airport services.

91.     Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's Design Registration.

92.     Plaintiff is entitled to a declaratory judgment that Plaintiff's use of Plaintiff's marks in connection with airport services is not likely to cause consumer

confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a) or under Florida law.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

93.     Plaintiff repeats the allegations of paragraphs 1 through 71 above as if set forth fully herein.

94.     This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that there is no likelihood of confusion between Plaintiff's trademarks and Defendant's Design Registration or Defendants claim to the words ORLANDO INTERNATIONAL AIRPORT as a trademark under the Lanham Act, 15 U.S.C. §1051 et. seq. or under Florida law.

95.     The Board erred by failing to bar Defendant's opposition, as a matter of law, as a result of Defendant's acquiescence to Plaintiff's use of Plaintiff's marks for over twenty-seven years.

96.     In so doing, the Board improperly disregarded the overwhelming evidence of the long, peaceful coexistence between Plaintiff and Defendant and, consequently, the eighth *duPont* factor – the "length of time during and conditions under which there has been concurrent use without evidence of actual confusion."

97.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

98.     Absent a declaratory judgment to this effect, Defendant will continue to wrongfully allege that Plaintiff's airport services advertised or sold under Plaintiff's marks are likely to be confused with Defendant's purported trademark

rights, thereby causing Plaintiff irreparable injury and damage, including Plaintiff's inability to obtain trademark registrations for Plaintiff's marks.

99.    A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's marks in connection with airport services.

100.    Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's Design Registration.

101.    Plaintiff is entitled to a declaratory judgment that Plaintiff's use of Plaintiff's marks in connection with airport services is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a) or under Florida law.

**COUNT V**
**DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY**

102.    Plaintiff repeats the allegations of paragraphs 1 through 71 above as if set forth fully herein.

103.    This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that the term ORLANDO INTERNATIONAL AIRPORT is generic for *international airport services* in Orlando, Florida and as a result, Defendant has no valid trademark rights under common law or otherwise.

104.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

105.   Absent a declaratory judgment to this effect, Defendant will continue to wrongfully allege that Plaintiff's airport services advertised or sold under Plaintiff's marks are likely to be confused with the generic word "mark" ORLANDO INTERNATIONAL AIRPORT, thereby causing Plaintiff irreparable injury and damage, including Plaintiff's inability to obtain trademark registrations for Plaintiff's marks.

106.   A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's marks in connection with airport services.

107.   Plaintiff is entitled to a declaratory judgment that ORLANDO INTERNATIONAL AIRPORT is a generic term for international airport services in Orlando, Florida and accordingly, Defendant does not have valid trademark rights in ORLANDO INTERNATIONAL AIRPORT. Plaintiff therefore has not violated any rights in Defendant's purported mark.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each claim for relief set forth above and award Plaintiff relief, including, but not limited to, the following:

1.  An order vacating the March 14, 2023 final decision of the TTAB sustaining Defendant's opposition in the consolidated opposition proceeding captioned *Greater Orlando Aviation Authority v. Sanford Airport Authority*, Opposition No. 91234602;

2.  For a declaration from this Court that Plaintiff's mark ORLANDO SANFORD INTERNATIONAL AIRPORT does not infringe on the trademark rights or any purported rights of Defendant;

3.  For a declaration from this Court that Plaintiff's mark  does not infringe on the trademark rights or any purported rights of Defendant;

4.  For a declaration from this Court that Defendant acquiesced to Plaintiff's use of Plaintiff's marks for airport services, that there is no likelihood of confusion, and therefore Defendant is estopped from asserting its trademark rights, if any, against Plaintiff;

5.  For a declaration from this Court that ORLANDO INTERNATIONAL AIRPORT for use in connection with an international airport in Orlando, Florida is a generic term and further for a declaration that Defendant does not have any valid trademark rights in the generic term;

6.  For such other and further relief as the Court may deem just and equitable.

Date:  August 16, 2023

*/s/ Woodrow H. Pollack*
Woodrow H Pollack
Lead Counsel
Fla. Bar No.: 026802
**SHUTTS & BOWEN LLP**
4301 W Boy Scout Blvd, Suite 300
Tampa, Florida 33607
wpollack@shutts.com
(813) 463-4894

Jodi-Ann Tillman
Fla. Bar No. 1022214
**SHUTTS & BOWEN LLP**
201 East Las Olas Boulevard
Suite 2200
Fort Lauderdale, Florida 33301
jtillman@shutts.com
(954) 524-5505

Brett Renton
Fla. Bar No.: 41994
**SHUTTS & BOWEN LLP**
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801
brenton@shutts.com
(407) 423-3200

*Attorneys for Plaintiff*

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87115958**
**Filing Date: 07/26/2016**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87115958 |
| **MARK INFORMATION** | |
| *MARK | ORLANDO SANFORD INTERNATIONAL AIRPORT |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | ORLANDO SANFORD INTERNATIONAL AIRPORT |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Sanford Airport Authority |
| *STREET | 1200 Red Cleveland Blvd |
| *CITY | Sanford |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 32773 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | Special District |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Florida |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 039 |
| *IDENTIFICATION | Airport services |
| **FILING BASIS** | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/31/1996 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/31/1996 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-692517890-20160725155119815236_._specimen.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT16\IMAGEOUT16\871\159\87115958\xml1\RFA0003.JPG |

| SPECIMEN DESCRIPTION | screen shot of Applicant's website |
|---|---|

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Daniel J. Barsky |
| ATTORNEY DOCKET NUMBER | 24307.0106 |
| FIRM NAME | Shutts & Bowen LLP |
| INTERNAL ADDRESS | Suite 1100 |
| STREET | 525 Okeechobee Blvd |
| CITY | West Palm Beach |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33401 |
| PHONE | 561-835-8500 |
| FAX | 561-650-8350 |
| EMAIL ADDRESS | ptomail@shutts.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Joseph W. Bain; Craig H. Popalis; Robert Rodriguez |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | Daniel J. Barsky |
| FIRM NAME | Shutts & Bowen LLP |
| INTERNAL ADDRESS | Suite 1100 |
| STREET | 525 Okeechobee Blvd |
| CITY | West Palm Beach |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33401 |
| PHONE | 561-835-8500 |
| FAX | 561-650-8350 |
| *EMAIL ADDRESS | ptomail@shutts.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |

## SIGNATURE INFORMATION

| | |
|---|---|
| ORIGINAL PDF FILE | hw_692517890-155119815_._Declaration.pdf |
| CONVERTED PDF FILE(S) | |

| (1 page) | \\TICRS\EXPORT16\IMAGEOUT16\871\159\87115958\xml1\RFA0004.JPG |
|---|---|
| **SIGNATORY'S NAME** | Diane H. Crews |
| **SIGNATORY'S POSITION** | President |
| **SIGNATORY'S PHONE NUMBER** | 407-585-4010 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87115958**
**Filing Date: 07/26/2016**

## To the Commissioner for Trademarks:

**MARK:** ORLANDO SANFORD INTERNATIONAL AIRPORT (Standard Characters, see below )

The literal element of the mark consists of ORLANDO SANFORD INTERNATIONAL AIRPORT.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Sanford Airport Authority, a Special District legally organized under the laws of Florida, having an address of
   1200 Red Cleveland Blvd
   Sanford, Florida 32773
   United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
   International Class 039:  Airport services

In International Class 039, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 12/31/1996, and first used in commerce at least as early as 12/31/1996, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) screen shot of Applicant's website.

**Original PDF file:**
SPE0-692517890-20160725155119815236_._specimen.pdf
**Converted PDF file(s)** (1 page)
Specimen File1


The applicant's current Attorney Information:
   Daniel J. Barsky and Joseph W. Bain; Craig H. Popalis; Robert Rodriguez of Shutts & Bowen LLP
   Suite 1100
   525 Okeechobee Blvd
   West Palm Beach, Florida 33401
   United States
   561-835-8500(phone)
   561-650-8350(fax)
   ptomail@shutts.com (authorized)
The attorney docket/reference number is 24307.0106.
The applicant's current Correspondence Information:
   Daniel J. Barsky
   Shutts & Bowen LLP
   Suite 1100
   525 Okeechobee Blvd
   West Palm Beach, Florida 33401
   561-835-8500(phone)
   561-650-8350(fax)
   ptomail@shutts.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney

at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. § 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: Not Provided   Date: Not Provided
Signatory's Name: Diane H. Crews
Signatory's Position: President
RAM Sale Number: 87115958
RAM Accounting Date: 07/26/2016

Serial Number: 87115958
Internet Transmission Date: Tue Jul 26 09:23:45 EDT 2016
TEAS Stamp: USPTO/BAS-XX.XX.XXX.XX-20160726092345892
674-87115958-550401a7a6783cd647ec82d6a6e
a93dd250ee53c15af4f6369791787ec447a-CC-1
0554-20160726092124526548

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87115959**
**Filing Date: 07/26/2016**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87115959 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT16\IMAGEOUT 16\871\159\87115959\xml1\ RFA0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | ORLANDO INTERNATIONAL AIRPORT WE ARE SFB: SIMPLER. FASTER. BETTER |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of an incomplete oval-like shape sweeping left to right with the words ORLANDO SANFORD above a bisection containing the words INTERNATIONAL AIRPORT and the words WE ARE SFB: SIMPLER. FASTER. BETTER below the bisection. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 791 x 250 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Sanford Airport Authority |
| *STREET | 1200 Red Cleveland Blvd |
| *CITY | Sanford |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 32773 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | Special District |
| STATE/COUNTRY WHERE LEGALLY ORGANIZED | Florida |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 039 |
| *IDENTIFICATION | Airport services |
| FILING BASIS | SECTION 1(a) |

| FIRST USE ANYWHERE DATE | At least as early as 10/01/2012 |
|---|---|
| FIRST USE IN COMMERCE DATE | At least as early as 10/01/2012 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-692517890-20160725155119815236_._specimen.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT16\IMAGEOUT16\871\159\87115959\xml1\RFA0003.JPG |
| SPECIMEN DESCRIPTION | screen shot of Applicant's website |

## ATTORNEY INFORMATION

| NAME | Daniel J. Barsky |
|---|---|
| ATTORNEY DOCKET NUMBER | 24307.0107 |
| FIRM NAME | Shutts & Bowen LLP |
| INTERNAL ADDRESS | Suite 1100 |
| STREET | 525 Okeechobee Blvd |
| CITY | West Palm Beach |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33401 |
| PHONE | 561-835-8500 |
| FAX | 561-650-8350 |
| EMAIL ADDRESS | ptomail@shutts.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Joseph W. Bain; Craig H. Popalis; Robert Rodriguez |

## CORRESPONDENCE INFORMATION

| NAME | Daniel J. Barsky |
|---|---|
| FIRM NAME | Shutts & Bowen LLP |
| INTERNAL ADDRESS | Suite 1100 |
| STREET | 525 Okeechobee Blvd |
| CITY | West Palm Beach |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33401 |
| PHONE | 561-835-8500 |
| FAX | 561-650-8350 |
| *EMAIL ADDRESS | ptomail@shutts.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| APPLICATION FILING OPTION | TEAS RF |
|---|---|
| NUMBER OF CLASSES | 1 |

| FEE PER CLASS | 275 |
|---|---|
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |
| **SIGNATURE INFORMATION** | |
| ORIGINAL PDF FILE | hw_692517890-155119815_._Declaration.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT16\IMAGEOUT16\871\159\87115959\xml1\RFA0004.JPG |
| SIGNATORY'S NAME | Diane H. Crews |
| SIGNATORY'S POSITION | President |
| SIGNATORY'S PHONE NUMBER | 407-585-4010 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87115959**
**Filing Date: 07/26/2016**

## To the Commissioner for Trademarks:

**MARK:** ORLANDO INTERNATIONAL AIRPORT WE ARE SFB: SIMPLER. FASTER. BETTER (stylized and/or with design, see below )

The literal element of the mark consists of ORLANDO INTERNATIONAL AIRPORT WE ARE SFB: SIMPLER. FASTER. BETTER. The applicant is not claiming color as a feature of the mark. The mark consists of an incomplete oval-like shape sweeping left to right with the words ORLANDO SANFORD above a bisection containing the words INTERNATIONAL AIRPORT and the words WE ARE SFB: SIMPLER. FASTER. BETTER below the bisection.

The applicant, Sanford Airport Authority, a Special District legally organized under the laws of Florida, having an address of
    1200 Red Cleveland Blvd
    Sanford, Florida 32773
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 039:  Airport services

In International Class 039, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 10/01/2012, and first used in commerce at least as early as 10/01/2012, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) screen shot of Applicant's website.

**Original PDF file:**
SPE0-692517890-20160725155119815236_._specimen.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

The applicant's current Attorney Information:
    Daniel J. Barsky and Joseph W. Bain; Craig H. Popalis; Robert Rodriguez of Shutts & Bowen LLP
    Suite 1100
    525 Okeechobee Blvd
    West Palm Beach, Florida 33401
    United States
    561-835-8500(phone)
    561-650-8350(fax)
    ptomail@shutts.com (authorized)
The attorney docket/reference number is 24307.0107.

The applicant's current Correspondence Information:
    Daniel J. Barsky
    Shutts & Bowen LLP
    Suite 1100
    525 Okeechobee Blvd
    West Palm Beach, Florida 33401
    561-835-8500(phone)

561-650-8350(fax)

ptomail@shutts.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. § 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant is using the mark in commerce on or in connection with the goods/services in the application; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: Not Provided    Date: Not Provided
Signatory's Name: Diane H. Crews
Signatory's Position: President
RAM Sale Number: 87115959
RAM Accounting Date: 07/26/2016

Serial Number: 87115959
Internet Transmission Date: Tue Jul 26 09:25:21 EDT 2016
TEAS Stamp: USPTO/BAS-XX.XX.XXX.XX-20160726092521805
150-87115959-5500ce3037aca2cd39557f7a101
3a1a9dacea52eb032533c23f589d1651e693c3-C
C-10564-20160726092414988623

# United States of America

## United States Patent and Trademark Office

## WE ARE SFB: SIMPLER. FASTER. BETTER.

**Reg. No. 5,175,377**

**Registered Apr. 04, 2017**

**Int. Cl.: 39**

**Service Mark**

**Principal Register**

Sanford Airport Authority (FLORIDA Special District of the State of Florida)
1200 Red Cleveland Blvd
Sanford, FL 32773

CLASS 39: Airport services

FIRST USE 10-1-2012; IN COMMERCE 10-1-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-115,965, FILED 07-26-2016
LOKSYE GEORG LEE RISO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.