## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SANFORD AIRPORT AUTHORITY,**

      **Plaintiff,**　　　　　　　　　　**CASE NO.: 6:23-cv-1563-PGB-DCI**

**v.**　　　　　　　　　　　　　　　　**JURY DEMAND**

**GREATER ORLANDO AVIATION
AUTHORITY,**

      **Defendant.**

_____/

## ANSWER

    The Greater Orlando Aviation Authority ("GOAA"), through its undersigned counsel hereby submits the following Answer, Affirmative Defenses and Counterclaim to the Complaint by the Sanford Airport Authority ("Sanford").

### NATURE OF THE ACTION

    1.　　Admitted that this purports to be an action seeking review of the decision of the United States Patent and Trademark Office ("USPTO") in Consolidated Trademark Trial and Appeal Board Opposition Proceeding 91234602. Otherwise denied.

    2.　　Denied that the TTAB's decision was incorrect or that any of the grounds for reversal advanced by Sanford are meritorious. Otherwise denied.

    3.　　Admitted.

1

## THE PARTIES

4.      Admitted.

5.      Admitted.

## JURISDICTION AND VENUE

6.      Admitted that the Court has subject matter jurisdiction over claims of the type asserted by Sanford, but such jurisdiction is subject to the requirements of Chapter 164 of the Florida Statutes.

7.      Admitted for jurisdiction and venue purposes only.

8.      Admitted for jurisdiction and venue purposes only.

## THE ASSERTED TRADEMARKS

9.      Admitted that Sanford applied for U.S. U.S. Trademark Application Serial No. 87/115,958 in connection with "airport services" (the " '958 Application") and that the '958 Application remains pending.  Otherwise denied.

10.      Admitted that Sanford applied for U.S. Trademark Application Serial No. 87/115,959 in connection with "airport services" (the " '959 Application") and that the '959 Application remains pending.  Otherwise denied.

11.      Admitted that GOAA is the owner of U.S. Trademark Registration Serial No. 1,565,079 (the "Orlando International Airport Registration") in connection with "airport services" as alleged.

## GENERAL ALLEGATIONS

2

12.     Admitted that Sanford operates an airport located in Sanford, Florida. Otherwise denied.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted that some people may consider Sanford to be in the greater Orlando area.  Otherwise denied.

**Plaintiff's Adoption of the Orlando Sanford Marks**

17.     GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

18.     GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

19.     GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

20.     GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

21.     GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

22.     Admitted.

23.    The referenced provision of the Code of Federal Regulations speaks for itself.  Otherwise denied.

24.    Admitted.

25.    FAA's Part 139 Airport Certification Status List speaks for itself. Otherwise denied.

### The Letter From Counsel Regarding the Orlando Sanford Marks

26.    Admitted that GOAA received the letter referenced in this paragraph. The letter speaks for itself.  Otherwise denied.

27.    The letter referenced in this paragraph speaks for itself.  Otherwise denied.

28.    The letter referenced in this paragraph speaks for itself.  Otherwise denied.

29.    The letter referenced in this paragraph speaks for itself.  Otherwise denied.

30.    GOAA is without sufficient information to admit or deny the allegations in this paragraph and on that basis denies same.

31.    Admitted.

32.    GOAA is without sufficient knowledge to admit or deny the allegations in this paragraph and on that basis denies same.

4

33.     GOAA is without sufficient knowledge to admit or deny the allegations in this paragraph and on that basis denies same.

34.     Admitted that GOAA did not file suit against Sanford for trademark infringement prior to initiating its Opposition proceedings against Sanford's trademark applications, that Sanford had adopted the Orlando Sanford International Airport trademark by that time, and that both GOAA and Sanford have experienced success during that time period.  Otherwise denied.

**Sanford's Trademark Applications**

35.     GOAA is without sufficient knowledge to admit or deny the allegations in this paragraph and on that basis denies same.

36.     Admitted.

37.     Admitted.

38.     Admitted that the references documents are attached.  The documents speak for themselves.  Otherwise denied.

39.     Admitted that Sanford is listed as the owner of the referenced trademark and that a copy of the registration is attached.  The registration speak for itself. Otherwise denied.

40.     The prosecution history of the '958 Application speaks for itself. Otherwise denied.

41.　　The prosecution history of the '959 Application speaks for itself. Otherwise denied.

42.　　Admitted.

## The Melbourne Airport Rebrand in 2015

43.　　Admitted.

44.　　Admitted.

45.　　Admitted.

46.　　Admitted.

47.　　Admitted that GOAA's counsel made the referenced statement and that Sanford's airport is closer to Orlando than MLB's airport.  Otherwise denied.

48.　　Admitted.

49.　　Admitted.

50.　　Admitted.

## The Consolidated Opposition Proceedings

51.　　Admitted.

52.　　Admitted.

53.　　Admitted.

54.　　Admitted.

55.     Admitted that GOAA did not allege ownership of a registration separate from U.S. Trademark Registration 1,565,079 that contains the words Orlando International Airport.  Otherwise denied.

56.     Admitted.

57.     Admitted.

58.     Admitted.

**The Parties' Prior History**

59.     Admitted.

60.     Denied.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     GOAA lacks sufficient knowledge to admit or deny the allegations of this paragraph, and, on that basis, denies same.

66.     GOAA lacks sufficient knowledge to admit or deny the allegations of this paragraph, and, on that basis, denies same.

67.     Denied.

68.     GOAA lacks sufficient knowledge to admit or deny the allegations of this paragraph, and, on that basis, denies same.

69.     GOAA lacks sufficient knowledge to admit or deny the allegations of this paragraph, and, on that basis, denies same.

**The Board's Final Decision**

70.     The decision of the TTAB at Exhibit I to the Complaint speaks for itself.  Otherwise denied.

71.     Admitted.

**COUNT I**
**APPEAL OF TTAB DECISION, 15 U.S.C. § 1071(b)**

72.     GOAA repeats and realleges its response to paragraphs 1 – 71 as it fully set forth herein.

73.     The final decision of the TTAB speaks for itself.  Otherwise denied.

74.     Denied.

75.     Admitted that Sanford seeks review of the TTAB's final decision but denied that Sanford is entitled to have the TTAB's final decision overturned.  Otherwise denied.

76.     Admitted that Sanford seeks to challenge the TTAB's final decision as asserted but denied that Sanford has advanced any grounds that would entitle it to have the decision overturned.  Otherwise denied.

77.     Denied.

## COUNT II
## APPEAL OF TTAB DECISION, 15 U.S.C. § 1071(b)

78.     GOAA repeats and realleges its response to paragraphs 1 – 71 as it fully set forth herein.

79.     The final decision of the TTAB speaks for itself.  Otherwise denied.

80.     Denied.

81.     Admitted that Sanford seeks review of the TTAB's final decision but denied that Sanford is entitled to have the TTAB's final decision overturned. Otherwise denied.

82.     Admitted that Sanford seeks to challenge the TTAB's final decision as asserted but denied that Sanford has advanced any grounds that would entitle it to have the decision overturned.  Otherwise denied.

83.     Denied.

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

84.     GOAA repeats and realleges its response to paragraphs 1 – 71 as it fully set forth herein.

85.     Admitted that Sanford seeks a declaratory judgment of non-infringement but denied that Sanford is entitled to any such declaration.  Otherwise denied.

86.     Admitted for jurisdictional purposes only.

9

87.    Admitted.

88.    Admitted.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

## COUNT IV
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

93.    GOAA repeats and realleges its response to paragraphs 1 – 71 as it fully

set forth herein.

94.    Admitted that Sanford seeks a declaratory judgment of non-

infringement but denied that Sanford is entitled to any such declaration.  Otherwise

denied.

95.    Denied.

96.    Denied.

97.    Admitted for jurisdictional purposes only.

98.    Denied.

99.    Denied.

100.   Denied.

101.   Denied.

## COUNT V
## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

102.   GOAA repeats and realleges its response to paragraphs 1 – 71 as it fully set forth herein.

103.   Admitted that Sanford seeks a declaratory judgment of non-infringement but denied that Sanford is entitled to any such declaration. Otherwise denied.

104.   Admitted for jurisdictional purposes only.

105.   Denied.

106.   Denied.

107.   Denied.

### JURY TRIAL DEMAND

GOAA respectfully requests trial by jury on all issues so triable.

### PRAYER FOR RELIEF

GOAA denies that Sanford is entitled to any of the relief sought in the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Sanford's claim for cancellation of GOAA's trademark rights on grounds of genericness is barred by Sanford's failure to raise this claim during the Consolidated Opposition Proceeding.

### Second Affirmative Defense

One or more of Sanford's claims are barred by judicial estoppel, including estoppel by Sanford claiming it had the right to register and possess trademark rights in Orlando Sanford International Airport marks while also claiming GOAA has no right to Orlando International Airport marks because they are allegedly incapable of functioning as trademarks.

### Third Affirmative Defense

Sanford's claims are barred for failure to comply with the dispute resolution requirements of Chapter 164 of the Florida Statutes.

## COUNTERCLAIM

The Greater Orlando Aviation Authority, a public and governmental body, existing under and by virtue of the laws of the State of Florida, with a principal address at One Jeff Fuqua Boulevard, Orlando, Florida 32827, for its Counterclaim against the Sanford Airport Authority, alleges the following:

12

## PARTIES

1.      Plaintiff the Greater Orlando Aviation Authority ("GOAA") operates the Orlando International Airport, which serves more than 50 million passengers annually and is located in the City of Orlando in Orange County, Florida.

2.      Defendant the Sanford Airport Authority ("Sanford") operates the Orlando Sanford International Airport which serves approximately 1.5 million passengers annually and is located in Sanford, Florida.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Sanford because Florida is Sanford's the principal place of business and the Orlando Sanford International Airport is located within this District.

5.      Venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to GOAA's claims and damages occurred in this District.

## FACTS COMMON TO ALL COUNTS

6.      Since at least as early as 1976, GOAA has continuously provided airport services in commerce under its Orlando International Airport word mark (the "Orlando International Airport Word Mark").

7.     Since at least as early as September of 1981, GOAA has continuously provided airport services in commerce under various versions of its Orlando International Airport and design marks.

8.     GOAA is the owner of U.S. Service Mark Registration No. 1,565,079 for its Orlando International Airport Design Mark  as used on "airport services" in International Class 39, which registered November 7, 1989 (Registration Exhibit at Exhibit A hereto; the "Orlando International Airport Design Mark").  The Orlando International Airport Word Mark, the various versions of the Orlando International Airport and design marks as common law mark, and the federally registered Orlando International Airport Design Mark are collectively referred to herein as the "Orlando International Airport Marks."

9.     The Certificate of Registration for the Orlando International Airport Design Mark specifically recognizes the distinctiveness of the words "Orlando International Airport" as having acquired secondary meaning under Section 2(f) of the Lanham Act.

10.    For over thirty-five years, GOAA has extensively promoted and continuously used the Orlando International Airport Marks in commerce and has provided airport services to hundreds of millions of air travelers and other customers under the Orlando International Airport Marks.

14

11.     GOAA has spent substantial sums in advertising and promoting goods and services bearing the Orlando International Airport Marks, including airport services, resulting in widespread and favorable public recognition.  As a result, the Orlando International Airport Marks have acquired distinctiveness and secondary meaning, as well as developed valuable goodwill within the relevant trade and industry.

12.     The Orlando International Airport Marks are valuable assets of GOAA.

13.     GOAA has received a wide range of awards and recognition for its airport services offered under the Orlando International Airport marks, and these have further enhanced GOAA's brand and its reputation.

14.     GOAA's Orlando International Airport Marks are extremely well-known across the United States and internationally, making it clear that consumers outside of Orlando recognize the Orlando International Airport Marks as a single source.

15.     GOAA recently substantially expanded the Orlando International Airport with the addition of the new Terminal C. The cost for the new terminal was well in excess of $2 billion dollars.

16.     Through GOAA's continued activities, the Orlando International Airport Marks has become extensively well-known by passengers and the air-travel industry, both nationally and internationally.

**SANFORD'S APPLICATIONS AND THE OPPOSITION PROCEEDINGS**

17.     Sanford filed a trademark application on July 26, 2016 based on alleged use of the mark **OrlandoSanford INTERNATIONAL AIRPORT We Are SFB: Simpler. Faster. Better.** since October 1, 2012 in connection with "airport services" in International Class 39 (the "Orlando Sanford Design Mark").

18.     Sanford filed a trademark application on July 26, 2016 based on alleged use of the Orlando Sanford International Airport word mark since December 31, 1996 in connection with "airport services" in International Class 39 (the "Orlando Sanford Word Mark").  All rights Sanford claims in the Orlando Sanford Design Mark, the Orlando Sanford Word Mark and any common law rights or rights relating to the marks as applied for are referred to collectively as the "Orlando Sanford Marks."

19.     GOAA opposed both applications for the Orlando Sanford Marks before the Trademark Trial and Appeal Board in 2016, and those proceedings were consolidated together in Consolidated Opposition Proceeding 91234602.

20.     The Consolidated Opposition proceeding was pending for nearly six years when the Trademark Trial and Appeal Board issued a final decision in GOAA's favor on March 14, 2023.  That final decision found that both marks were not eligible for registration because of a likelihood of confusion with the Orlando International Airport Marks.

21.    Sanford sought reconsideration of the Trademark Trial and Appeal Board's Order on April 13, 2023, and that motion was denied on June 14, 2023.

## GOAA'S PRIORITY AND SANFORD'S INFRINGEMENT

22.    The Orlando International Airport Marks were in use, and had acquired distinctiveness and secondary meaning, long before Sanford commenced use of the Orlando Sanford Marks.

23.    GOAA has not licensed or otherwise granted permission for Sanford to use Orlando in its name or otherwise engage in business under the Orlando Sanford Marks.

24.    The Orlando Sanford Marks are confusingly similar in sight, sound, connotation, and commercial impression to the Orlando International Airport Marks.

25.    The Orlando Sanford Marks incorporate the Orlando International Airport Word Mark in its entirety as the dominant feature of the mark and utilizes an oval design that resembles and is confusingly similar to the oval design in the Orlando International Airport Design Mark.

26.    In addition to being nearly identical, Sanford purposefully used the word "Orlando" first, thereby furthering the confusion caused by its actions.

27.    Sanford's trademark applications claim "airport services" that are identical to the "airport services" claimed in the Orlando International Airport Design Mark.

28.     In its business operations, Sanford provides airport services that are substantially the same as those provided by GOAA.

29.     Sanford uses the infringing Orlando Sanford Marks on its website, on its social media accounts, in publications and through the websites of third-party airline ticket sellers.

30.     Sanford offers its airport services to the same classes of purchasers as GOAA.

31.     Sanford's infringing Orlando Sanford Marks have caused actual confusion among consumers and the public.

32.     The Orlando Sanford International Airport is not the Orlando International Airport and is not located in or affiliated with the Orlando International Airport or the City of Orlando.

33.     On information and belief, Sanford intentionally adopted and used confusingly similar imitations of GOAA's Orlando International Airport Marks and falsely misled the public into believing that Sanford is in Orlando or is otherwise associated with GOAA.

34.     Due to the similarity between the Orlando International Airport Marks and GOAA's airport services, on the one hand, and the Orlando Sanford Marks and Sanford's airport services, on the other, as well as the similarity of the respective channels of trade and classes of purchasers, persons familiar with the Orlando

International Airport Marks and GOAA's airport services are likely to confuse Sanford's services provided under the Orlando Sanford Marks with those provided by GOAA under the Orlando International Airport Marks.

35.     If Sanford is allowed to obtain federal registration for the Orlando Sanford Marks, it would obtain at least a *prima facie* exclusive right to use the Orlando Sanford Marks in connection with airport services, thereby causing damage and injury to GOAA.  Any defect, objection or fault found with Sanford's services promoted and provided under the Orlando Sanford Design Mark is likely to reflect upon GOAA and expose GOAA to liability, as well as seriously injure the goodwill and superior reputation that GOAA has established for its services and the Orlando International Airport Marks.

36.     Any conditions precedent to maintaining this cause of action have been performed or have been waived.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

37.     GOAA restates and realleges the allegations of paragraphs 1 - 36 above as if fully stated herein.

38.     This is an action for infringement of the federally registered Orlando International Airport Design Mark.

39.     Sanford's uses of the Orlando Sanford marks infringes on GOAA's senior trademark rights in the Orlando International Airport Design Mark, thereby causing, and if it continues will cause, confusion, mistake, and deception.

40.     The likelihood of confusion, mistake and deception is apparent through the obvious degree of resemblance between GOAA's federally registered "Orlando International Airport" mark and Sanford's infringing Orlando Sanford Marks, which refer to Sanford as the "Orlando Sanford International Airport."

41.     Prospective passengers must choose between GOAA's or Sanford's services on third party airline ticket websites, which feature Sanford's infringing Orlando Sanford Marks and substantially increase the likelihood of confusion between the parties' marks.

42.     The Orlando Sanford Marks are likely to cause confusion, mistakes, and deception because prospective purchasers of GOAA's services are passengers and families from all over the world who would not necessarily know that Sanford is outside the City of Orlando. Even passengers who exercise a very high level of care can easily confuse Sanford's infringing Orlando Sanford Marks as advertising the Orlando International Airport.

43.     Sanford's use of the infringing Orlando Sanford Marks is likely to cause confusion, mistakes, and deception because Sanford is infringing on GOAA's extremely well-known Orlando International Airport Marks.

20

44.   The likelihood of confusion, mistake and deception caused by Sanford's use of the infringing Orlando Sanford Marks is causing irreparable harm to the goodwill symbolized by the Orlando International Airport Marks and the reputation for customer service that it embodies.

45.   Sanford's uses of the infringing Orlando Sanford Marks are likely to cause confusion before, during and after the time when passengers purchase airline tickets in the marketplace because actual passengers, prospective passengers and others viewing the infringing Orlando Sanford Marks, at the point of sale or elsewhere, are likely to mistakenly attribute the source airport to GOAA's Orlando International Airport due to Sanford's confusingly similar imitations of GOAA's Orlando International Airport Marks.

46.   By causing a likelihood of confusion, mistake and deception, Sanford is inflicting irreparable harm on the goodwill symbolized by GOAA's Orlando International Airport Marks and the reputation for quality that it embodies.

47.   Sanford continues to use the infringing Orlando Sanford Marks in connection with the sale of services that directly compete with the services offered by GOAA.

48.   Sanford's infringing Orlando Sanford Marks are confusingly similar to GOAA's federally registered Orlando International Airport Mark in violation of 15 U.S.C. § 1114.

49.     Sanford's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to GOAA's goodwill and reputation as symbolized by GOAA's Orlando International Airport Marks.

50.     GOAA has no adequate remedy at law.

51.     Sanford has caused and is likely to continue causing substantial injury to the public and to GOAA, and GOAA is entitled to injunctive relief.

**COUNT II**
**COMMON LAW TRADEMARK**
**INFRINGEMENT AND UNFAIR COMPETITION**

52.     GOAA restates and realleges the allegations of paragraphs 1 – 36 above as if fully stated herein.

53.     This is an action common law trademark infringement and unfair competition under the laws of the State of Florida.

54.     Sanford's aforesaid activities constitute infringement of GOAA's common law trademark and unfair competition in violation of GOAA's rights in the Orlando International Airport Marks.

55.     GOAA has been damaged by the above-described common law trademark infringement and unfair competition.

56.     Sanford's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade

and public, and, additionally, injury to GOAA's goodwill and reputation as symbolized by GOAA's Orlando International Airport Marks.

57.   GOAA has no adequate remedy at law.

58.   Sanford has caused and is likely to continue causing substantial injury to the public and to GOAA, and GOAA is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, GOAA respectfully requests that the Court find in favor of GOAA and enter a Final Judgment against Sanford containing the following relief:

i.   That the Court permanently enjoin Sanford from any further use, publication, advertising and/or promotional materials, that use the words "Orlando Sanford International Airport," using the word "Orlando" in Sanford's name, or imitating, copying or otherwise using any of the Orlando International Airport Marks or any colorable variation thereof;

ii.   That the Court affirm the decisions of the Trademark Trial and Appeal Board finding that Sanford is not entitled to trademark registrations for the Orlando Sanford Marks.

iii.   That Sanford be forced to account for and disgorge to GOAA any and all profits derived by Sanford from the use of the Orlando Sanford Marks;

iv.   That GOAA be awarded all lost profits and all other damages caused by the acts forming the basis of this Complaint;

23

v.      That Sanford assign its rights and ownership interests in any website(s), domain name(s), social media channels, or other marketing or advertising material that infringes on the Orlando International Airport marks;

vi.      Based on Sanford's intentional use of a confusingly similar imitation of GOAA's Orlando International Airport Marks, this Court enter judgment for enhanced damages, and award GOAA its reasonable attorneys' fees and the costs of this action; and

vii.      That this Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

GOAA respectfully requests trial by jury on all issues so triable.

Respectfully submitted,

Dated: October 27, 2023

*/s/ Stephen H. Luther*
Stephen H. Luther, Esq.
Florida Bar No. 528846
Luther Law PLLC
4767 New Broad Street, # 1029
Orlando, Florida 32814
Phone (407) 501-7049
sluther@lutherlawgroup.com

**Counsel for The Greater Orlando Aviation Authority**

24

# EXHIBIT A

Int. Cl.: 39

Prior U.S. Cl.: 105

Reg. No. 1,565,079

## United States Patent and Trademark Office

Registered Nov. 7, 1989

### SERVICE MARK
### PRINCIPAL REGISTER



GREATER ORLANDO AVIATION AUTHOR-
ITY (FLORIDA STATE AGENCY)
ONE AIRPORT BOULEVARD
ORLANDO, FL 328274399

FOR: AIRPORT SERVICES, IN CLASS 39
(U.S. CL. 105).

FIRST USE 9–19–1981; IN COMMERCE
9–19–1981.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "INTERNATIONAL AIR-
PORT", APART FROM THE MARK AS SHOWN.
SEC. 2(F) AS TO THE WORDS "ORLANDO
INTERNATIONAL AIRPORT".

SER. NO. 742,053, FILED 7–25–1988.

PATRICIA ANN BUCCI, EXAMINING ATTOR-
NEY