UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SANFORD AIRPORT AUTHORITY,**

    Plaintiff,                          CASE NO.: 6:23-cv-1563-PGB-DCI

v.                                         JURY DEMAND

**GREATER ORLANDO AVIATION AUTHORITY,**

    Defendant.
_____/

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff, Sanford Airport Authority ("Plaintiff" or "Sanford") by and through undersigned counsel, hereby answers the Counterclaim filed by the Defendant, Greater Orlando Aviation Authority ("Defendant" or "GOAA") in numbered paragraphs corresponding to those in the Counterclaim [ECF No. 13], as follows:

**PARTIES**

1. Admitted.

2. Sandford admits that it operates the Orlando Sanford International Airport and is located in Sanford, Florida. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 2.

**JURISDICTION AND VENUE**

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only that this Court has personal jurisdiction over Sanford. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 4.

5. Admitted for venue purposes only. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 5.

## FACTS COMMON TO ALL COUNTS

6. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 7 and therefore denies them.

8. Sandford admits that GOAA is the owner of U.S. Service Mark Registration No. 1,565,079. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 8.

9. The referenced Certificate of Registration speaks for itself. Sanford denies any remaining allegations in paragraph 9.

10. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 10 and therefore denies them.

11. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Sanford is without knowledge based on information known or reasonably obtainable as to the truth of the allegations in paragraph 16 and therefore denies them.

**SANFORD'S APPLICATIONS AND THE OPPOSITION PROCEEDINGS**

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted that the Trademark Trial and Appeal Board issued a final decision in the referenced Consolidated Opposition. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 20.

21. Admitted.

### GOAA'S ALLEGED PRIORITY AND SANFORD'S ALLEGED INFRINGEMENT

22. Denied.

23. Sanford denies that any license or permission is required from GOAA to use Orlando in Plaintiff's name. Sanford denies any remaining allegations in paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Admitted.

28. Denied.

29. Sanford admits that it uses the mark ORLANDO SANFORD INTERNATIONAL AIRPORT and the associated logo on its website. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Sanford admits that it is not the Orlando International Airport and is not located in or affiliated with the Orlando International Airport. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

37. Sanford incorporates by reference its responses to paragraphs 1-36 above as if fully set forth herein.

38. Sanford admits that this purports to be an action for infringement of Registration No. 1,565,079, but Sanford denies any allegations of infringement and further denies that GOAA is entitled to any relief. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 38.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT II
## COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

52. Sanford incorporates by reference its responses to paragraphs 1-36 above as if fully set forth herein.

53. Sanford admits that this purports to be an action for common law trademark infringement and unfair competition infringement under the laws of the State of Florida, but Sanford denies any allegations of infringement and unfair competition, and further denies that GOAA is entitled to any relief. Except as expressly admitted, Sanford denies any remaining allegations in paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## PRAYER FOR RELIEF

Having responded to the allegations as set forth above, Sanford denies that GOAA is entitled to any relief, including the relief specified in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Sanford respectfully requests trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. GOAA's claims against Sanford are barred, in whole or in part, because the Counterclaim fails to state a claim upon which relief can be granted.

2. GOAA's claims against Sanford are barred, in whole or in part, based on the applicable statute of limitations.

3. Sanford has been using Sanford's mark since on or about 1996. GOAA has been aware of Sanford's use of its mark since at least 1996. GOAA's claims against Sanford are therefore barred, in whole or in part, by the doctrines of estoppel and laches.

4. GOAA's claims against Sanford are barred, in whole or in part, by the equitable doctrine of acquiescence, based on GOAA's conduct regarding Sanford's use of the allegedly infringing mark, which conduct was prejudicial to Sanford.

5. GOAA's claims against Sanford are barred, in whole or in part, because GOAA fails to allege ownership of a valid and enforceable trademark.

6. GOAA's claims against Sanford are barred, in whole or in part, because GOAA's mark is not distinctive and therefore not protectable.

7. GOAA's claims against Sanford are barred, in whole or in part, on the basis that some or all of the asserted marks are generic.

8. GOAA's claims against Sanford are barred, in whole or in part, on the basis that any infringement, if any, was innocent.

| | |
|---|---|
| Date: November 17, 2023 | */s/ Woodrow H. Pollack*<br>Woodrow H Pollack<br>Lead Counsel<br>Fla. Bar No.: 026802<br>**SHUTTS & BOWEN LLP**<br>4301 W Boy Scout Blvd, Suite 300<br>Tampa, Florida 33607<br>wpollack@shutts.com<br>(813) 463-4894<br><br>Jodi-Ann Tillman<br>Fla. Bar No. 1022214<br>**SHUTTS & BOWEN LLP**<br>201 East Las Olas Boulevard<br>Suite 2200<br>Fort Lauderdale, Florida 33301<br>jtillman@shutts.com<br>(954) 524-5505<br><br>Brett Renton<br>Fla. Bar No.: 41994<br>**SHUTTS & BOWEN LLP**<br>300 S. Orange Avenue, Suite 1600<br>Orlando, Florida 32801<br>brenton@shutts.com<br>(407) 423-3200<br><br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2023 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack

## SERVICE LIST

Stephen H. Luther, Esq.
Florida Bar No. 528846
**LUTHER LAW PLLC**
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

*Attorneys for the Greater Orlando Aviation Authority*

ORLDOCS 21002642 1