UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANFORD AIRPORT AUTHORITY,

    Plaintiff,                                    CASE NO.: 6:23-cv-1563-PGB-DCI

v.

GREATER ORLANDO AVIATION
AUTHORITY,

    Defendant.
_____/

**RENEWED JOINT MOTION FOR**
**EXTENSION OF CERTAIN CASE-RELATED DEADLINES**

Plaintiff, Sanford Airport Authority ("Plaintiff" or "Sanford"), and Defendant/Counterclaim Plaintiff, The Greater Orlando Aviation Authority ("Defendant" or "GOAA"), jointly renew their Motion for the Court to extend the expert report and discovery deadlines in this Court's November 22, 2023 Case Management and Scheduling Order (Doc. 21). In support of this requested relief, the parties state as follows:

## INTRODUCTION AND BACKGROUND

1. On November 22, 2023, this Court entered its Case Management and Scheduling Order (Doc. 21).

2. The parties have each served requests for production, interrogatories, and requests for admissions and have identified a number of witnesses to be deposed in this litigation. The parties have also produced thousands of pages of document production in the litigation, and each side is actively searching for and will shortly be producing additional documents.

3. Discovery in this litigation has proved challenging, however, because of the nature of the parties and the amount of time involved. The parties to the case are both large government organizations, and the events relating to this litigation cover a substantial period of time. GOAA has been searching for and producing evidence of trademark usage for its Orlando International Airport mark going back over forty years, and both parties are searching for and producing evidence of trademark usage by Sanford and GOAA's response to the same going back to more than twenty years. Much of this information has been very difficult to track down because of the length of time involved and the difficulty in locating the individuals with knowledge of these events despite the parties' diligence.

4. Discovery has been further complicated because the executives for both parties who are needed to help move discovery forward are extremely busy

managing the day-to-day operations of their respective airports. Further, certain witnesses who previously worked for the parties, including former GOAA employee, Brian Engle, are no longer employed by the parties, and the parties have encountered difficulties trying to locate and depose these individuals.

5. Despite these challenges, the parties have been working together collaboratively to resolve issues and move this case forward without bringing issues before the Court. The parties have, for example, resolved disputes between them on a number of other discovery issues that have helped streamline this litigation and are hopeful that they can continue to do so if the Court grants the short extension of deadlines requested in this Motion.

6. In addition, as set forth in the initial Motion, the parties believe that an extension of the discovery and expert deadlines can help keep litigation costs down so the parties can put more resources towards a resolution of this matter.

## PROPOSED DEADLINES TO EXTEND

The parties are requesting an extension of certain case-related deadlines, as detailed below (with the only changes shown in **bold**):

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Disclosure of Expert Reports<br><br>**Party with burden of proof:** | July 1, 2024 | **August 5, 2024** |

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| **Party without burden of proof:** | **August 5, 2024** | **September 2, 2024** |
| **Discovery Deadline** | **September 3, 2024** | **December 31, 2024** |
| Dispositive Motions, *Daubert*, and *Markman* Motions | October 1, 2024 | October 1, 2024 |
| *Meeting In Person* to Prepare Joint Final Pretrial Statement. | January 6, 2025 | January 6, 2025 |
| All Other Motions Including Motions *In Limine* and Objections to Deposition Designations and Counter-Designations on approved form. | January 27, 2025 | January 27, 2025 |
| Objections to Counter-Designations | February 3, 2025 | February 3, 2025 |
| Final Pretrial Conference | February 18, 2025 3:00 p.m. Paul G. Byron Courtroom 4B | February 18, 2025 3:00 p.m. Courtroom 4B |
| Trial Term Begins | March 3, 2025 9:00 a.m. | March 3, 2025 9:00 a.m. |

4

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Mediation Deadline | September 16, 2024 | September 16, 2024 |

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 16(b)(4), case management and scheduling orders may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b); *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-ORL-41-KRS, 2015 WL 12838838, *4 (M.D. Fla. June 17, 2015).

A district court also has the inherent power and broad authority to police its own docket. *See Mingo v. Sugar Cane Growers Co-op. of Florida*, 864 F.2d 101, 102 (11th Cir. 1989); *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. Feb. 25, 2013) (the court can decide the best manner to "achieve the orderly and expeditious disposition of cases"); *Rodriguez v. Accurate Inventory & Calculating Serv. of Fla.*, No. 8:10-cv-2402-T-24, 2012 WL 1438472, *1 (M.D. Fla. Apr. 25, 2012) (finding good cause existed to extend the discovery deadline by three months, as well as the other deadlines, due to the short amount of time available to complete discovery).

"Motions to extend the dispositive motions deadline or to continue trial are generally denied[,]" and will be granted "only when necessary to prevent manifest injustice." (Case Management Order at Doc. 21, Section I(B)(1)).  While extension

5

of deadlines other than dispositive motions or trial are disfavored, they may be extended upon a showing of good cause. (Id. at I(B)(2); Fed. R. Civ. P. 6(b)). A request for extension of deadlines other than the dispositive motion and trial deadlines should recite that:

> 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline.

(Case Management Order at Doc. 21, Section I(B)(2)).

Generally, courts have found good cause for such modifications where the moving party has diligently attempted to meet the deadline at issue, but reasonably anticipates the inability to meet it despite diligent efforts. *See, e.g., Jackson-El v. City of Markham*, 332 F.R.D. 583 (N.D. Ill. 2019) (citing *Express Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016) (good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.'"); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.").

The Court must consider the following when for a motion to extend deadlines under Rule 6(b)(1)(B): "the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Sapphire Int'l Group, Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 18-CV-80101-DMM, 2018 WL 8344838, at *2 (S.D. Fla. Sept. 26, 2018); (citations omitted).

While "the pursuit of settlement—alone—is generally not good cause to justify the extension of deadlines in a Rule 16(b) scheduling order,"[1] the Court may consider the impact on settlement when determining whether to grant a motion to extend deadlines given the lack of any potential prejudice. Although lack of prejudice is not a determinative factor, it can also be considered by the Court if good cause has otherwise been shown. *See Schenone v. Zimmer Holdings, Inc.*, No. 3:120cv-1046-J-39MCR, 2014 WL 12619908, *2 (M.D. Fla. June 3, 2014) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, No. 12–19–WS–B, 2012 WL 2395194, at *3 (S.D. Ala. June 22, 2012); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)); *see also Sherman*, 532 F.3d at 716 (lack of prejudice may be considered

---

[1] *Grill v. Walt Disney Park & Resorts US, Inc.*, No. 618CV1159ORL22LRH, 2019 WL 13263258, at *1 (M.D. Fla. June 14, 2019) (quoting *Sterbenz v. Anderson*, No. 8:11-CV-1159-T-33TBM, 2012 WL 12904218, at *2 (M.D. Fla. Mar. 13, 2012)).

if the movant has been diligent in meeting the scheduling order's deadlines). Primary importance is accorded to the "absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

## ARGUMENT

There is good cause for the brief extension of deadlines requested herein. The parties are only seeking an extension of two deadlines: (1) a one-month extension of the deadlines for expert reports, and (2) a four-month extension of the deadline to complete discovery. The parties are not seeking a continuance of trial or to move the deadlines for summary judgment, *Daubert*, motions in limine, or other motions.

The parties also satisfy the requirements for an extension of deadlines as set forth in Section I(B)(2) of the Court's Case Management Order (Doc. 21).

**1. The additional discovery is necessary to present a full record to the Court for resolution on the merits.**

The parties have been diligently pursuing discovery in this litigation, but their efforts have been complicated by the length of time at issue in this litigation, the substantial size of the parties, and difficulties in locating witnesses who may have relevant information. For example, locating and deposing potential confusion witnesses is likely to move this dispute significantly toward resolution, and evidence of actual confusion, or lack thereof, is one of the two most important likelihood of confusion factors. *See e.g., Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192

F.3d 1330, 1335 (11th Cir. 1999).

Locating and deposing these witnesses has proved challenging, however, because some are reluctant to provide contact information and because other individuals who have knowledge regarding these issues, including former GOAA employee, Brian Engle, have proved difficult to contact.  It has also proven difficult for Sanford to obtain discovery about events relating to the initial adoption of the Orlando Sanford International Airport mark in the 1990s.  For example, Sanford has requested contact information for the GOAA board members at that time, but GOAA has had difficulty locating same to date.  The parties would like to present as full of a record as possible for resolution of this dispute, and they jointly submit that the brief extension of discovery sought herein will make it far more likely that they will be able to do so.

> **2. All parties agree that the extension will not affect the dispositive motions deadline and trial date.**

The parties stipulate that the brief extension requested herein will not require the extension of any other deadlines, including the deadlines for dispositive motions and trial.

> **3. All parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes.**

The parties are requesting an extension of discovery to December 31, 2024 which is past the deadline for dispositive motions on October 1, 2024.  If the Court

9

grants this Motion, the parties stipulate that any discovery conducted after the dispositive motion deadline will not be available for summary judgment purposes.

**4. No party will use the granting of the extension in support of a motion to extend another date or deadline.**

The parties stipulate that no party will use the granting of this Motion as a basis for seeking an extension of any other deadlines.

The parties are also requesting a one-month extension of the deadlines for expert reports. Expert reports from the Plaintiff are currently due on July 1, 2024, and expert reports from the Defendant are currently due on August 5, 2024. The challenges in discovery will render it more difficult to provide thorough expert opinions by the current deadlines. The parties have only requested a one-month extension of the expert deadline, and this additional time will make it much more likely for the parties to provide expert opinions that are more complete and more helpful to the Court. Although the prospect of settlement alone does not provide good cause for extending deadlines, the brief extension requested here will provide more time between mediation (June 3, 2024), and the first expert reports (due on August 1, 2024 under the proposed schedule). If the parties have expended less resources on expert reports by the date of mediation, they are hopeful that this fact will make settlement more likely and hope the Court will consider this added benefit to granting this Motion.

The parties further note that the deadlines as set forth in the current Case Management and Scheduling Order (Doc. 21) are for "Plaintiff" and "Defendant" which has raised the question as to when reports relating to GOAA's trademark infringement Counterclaim are due. For this reason, the parties are requesting that the Court clarify that the initial expert deadline is for the part(ies) with the burden of proof, and that the second expert deadline is for the part(ies) without the burden of proof.

The parties jointly filed this Motion as soon as they became aware that the current deadlines would not be sufficient, and they have sought leave well in advance of the deadlines they seek to extend. Despite devoting significant resources to litigating this case to date, however, the parties will not be able to present the more complete record they would like to present to the Court under the current expert and discovery schedule. The parties have carefully evaluated the work still to be done and have asked for brief extensions of the expert and discovery deadlines while avoiding asking the Court to alter the schedule for briefing and trial. The extensions sought herein will not prejudice either party, as is evident since the parties are jointly requesting the extensions sought herein. The parties jointly submit that good cause exists for the brief extension of deadlines requested herein and request that the Court grant those extensions.

**WHEREFORE**, the Greater Orlando Aviation Authority and the Sanford Airport Authority respectfully request that the Court enter an Order granting this Motion, extending the deadlines for expert reports and discovery as requested herein, and for such other or further relief the Court deems just and appropriate.

### Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), the undersigned certifies that the parties conferred on April 26, 2024, April 29, 2024 and May 1, 2024, and all parties join in the relief requested in this Motion.

Date: May 6, 2024

*/s/ Jodi-Ann Tillman*
Woodrow H. Pollack
Fla. Bar No.: 026802
Lead Counsel
**SHUTTS & BOWEN LLP**
4301 W Boy Scout Blvd, Suite 300
Tampa, Florida 33607
(813) 463-4894
(813) 229-8901 (facsimile)
wpollack@shutts.com

Jodi-Ann Tillman
Fla. Bar No. 1022214
**SHUTTS & BOWEN LLP**
201 East Las Olas Boulevard - Suite 2200
Fort Lauderdale, Florida 33301
Email: JTillman@shutts.com
Telephone:  954-524-5505
Facsimile:   954-524-5506

*Attorneys for Plaintiff Sanford Airport Authority*

*/s/ Stephen H. Luther*
Stephen H. Luther
**Luther Law PLLC**
Lead Counsel
4767 New Broad Street, # 1029
Orlando, FL 32814
sluther@lutherlawgroup.com
407 501-6711 x101 (Main)
407 501-7049         (Direct)

*Attorneys for Defendant Greater Orlando Aviation Authority*

12

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on May 6, 2024 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                */s/ Jodi-Ann Tillman*
                                 Jodi-Ann Tillman

## SERVICE LIST

Stephen H. Luther, Esq.
Florida Bar No. 528846
**LUTHER LAW PLLC**
4767 New Broad Street, # 1029
Orlando, FL 32814
407 501-6711 x101 (Main)
407 501-7049 (Direct)
sluther@lutherlawgroup.com

*Attorneys for Defendant Greater Orlando Aviation Authority*

ORLDOCS 21403768 3