# EXHIBIT M

Filing # 237977416 E-Filed 12/17/2025 06:56:42 PM

f#: 7332756

**RETURN OF SERVICE**

IN THE COUNTY COURT OF SARASOTA COUNTY, FLORIDA

PLAINTIFF AMERICAN EXPRESS NATIONAL BANK; et seq.
vs.
DEFENDANT DUSTIN HAWLEY A/K/A DUSTIN M HAWLEY; et al.

DEFENDANT TO BE SERVED **DUSTIN HAWLEY A/K/A DUSTIN M HAWLEY**

CASE NO 2025 CC 008322 SC
DIVISION

TYPE OF PROCESS SUMMONS, COMPLAINT, PLAINTIFF'S INITIAL DISCOVERY DISCLOSURES

I received this process on the **12/10/2025** at **9:58 PM**
I ( **x** ) served ( ) not served the within named defendant.
ON DATE/TIME: **12/15/2025 11:48 AM**

AT ADDRESS WHERE SERVED (OR ATTEMPTED) **623 ALBEE FARM ROAD NORTH NOKOMIS, FL 34275**

**( x )** INDIVIDUAL SERVICE: By delivering to the within named defendant a true copy of this process with the date and hour of service endorsed by me, and, at the same time I delivered to the within named defendant a copy of the complaint.

**Description of Person Accepting Service:**

| Sex: | Age: | Race: | Height: | Weight: | Hair: |
|---|---|---|---|---|---|
| **Male** | **31-35** | **White** | **6ft 0in - 6ft 3in** | **171 lbs - 190 lbs** | **Brown** |

Military Status: ( ) Refused ( ) No ( ) Yes Branch:
Marital Status: ( ) Refused ( ) Not married ( ) Married ( ) Married, but separated
Mobile Home: ( ) Yes/VIN Not Visible ( ) No ( ) Yes Vin:

COMMENTS:

I hereby certify that I am over the age of 18, I am not a party to this action and have no interest in the process being served, and I am a Certified Process Server or Special Process Server in good standing in the judicial circuit/county in which the process was served, and/or am otherwise duly authorized to have served process in the jurisdiction where process was served.

**"Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true." F.S. 92.525**

X [signature]

Server Signature / ProVest Case id # 7805147
Thomas A. Down - Process Server ID: 323/157346/1311
Title (if applicable): CERTIFIED PROCESS SERVER

Notary Not Required Pursuant to FS 92.525

IN THE COUNTY COURT
12TH JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA

**AMERICAN EXPRESS NATIONAL BANK**
Plaintiff
vs.

CASE NO.:
DIVISION:

**DUSTIN HAWLEY**
**a/k/a DUSTIN M HAWLEY**
Defendant(s).
_____________________________________________/

SUMMONS
SERVICE ON AN INDIVIDUAL

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**Dustin Hawley**
**a/k/a Dustin M Hawley**
623 Albee Farm Road North
Nokomis, Florida 34275

Each defendant is required to serve written defenses to the complaint or petition on **Lisa DiSalle, Esquire and Joshua James Knurr, Esquire** plaintiff's attorney, whose address is **9550 Regency Square Blvd., Suite 410, Jacksonville, FL 32225** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 10/21/2025

KAREN E. RUSHING
As Clerk of the Court

By________________________
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance: Please contact Sarasota County Jury Office, P.O. Box 3079, Sarasota, Florida 34230-3079. Telephone: (941) 861-7400. If you are hearing or voice impaired, please call 711..**

File No. 7332756

North Sarasota County (case numbers ending in NC): If you cannot afford an attorney, you may contact Legal Aid of Manasota at (941) 366-0038 or https://link.edgepilot.com/s/742dbf7f/wtq7i6vXkW63X44brm2vg?u=https://www.legalaidofmanasota.org/ or Gulfcoast Legal Services at (800) 230-5920 or https://link.edgepilot.com/s/80faf069/zLd7uDI3SkW2Hbi2zjxFyQ?u=https://www.gulfcoas tlegal.org/. If you do not qualify for free legal assistance or do not know an attorney, you may use an attorney referral service or contact the Florida Bar Referral Service at (800) 342- 8011 or

https://link.edgepilot.com/s/1ee18e36/koR4jxCSAUmkeA7lUwfEPA?u=https://www.florida bar.org/public/lrs/. South Sarasota County (case numbers ending in SC): If you cannot afford an attorney, you may contact Legal Aid of Manasota at (941) 366-0038 or https://link.edgepilot.com/s/742dbf7f/wtq7i6vXkW63X44brm2vg?u=https://www.legalaidofmanasota.org/, Gulfcoast Legal Services at (800) 230-5920 or https://link.edgepilot.com/s/80faf069/zLd7uDI3SkW2Hbi2zjxFyQ?u=https://www.gulfcoas tlegal.org/, or United Way of South Sarasota County, Inc. at (941) 484-4811 or https://link.edgepilot.com/s/d6a78326/9age3Zub7kmjNs76qcX9Q?u=https://www.uwssc.org/. If you do not qualify for free legal assistance or do not know an attorney, you may use an attorney referral service or contact the Florida Bar Referral Service at (800) 342- 8011 or https://link.edgepilot.com/s/1ee18e36/koR4jxCSAUmkeA7lUwfEPA?u=https://www.florida bar.org/public/lrs/.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff s Attorney" named below.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff s Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l' assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d' autres obligations juridiques et vous pouvez requerir les services immediats d' un avocat. Si vous ne connaissez pas d' avocat, vous pourriez telephoner a un service de reference d' avocats ou a un bureau d' assistance juridique (figurant a l' annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff s Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

/s/ Joshua Knurr

Lisa DiSalle, Esquire
Florida Bar No.: 186236
Joshua James Knurr, Esquire
Florida Bar No.: 1016695
Staff Attorneys for the Plaintiff
American Express National Bank
9550 Regency Square Blvd.
Suite 410
Jacksonville, FL 32225
877-305-0433
Primary Email: flpleadings@aexp.com
Secondary Service Email:
Lisa.DiSalle@aexp.com;
Joshua.J.Knurr@aexp.com

**IN THE COUNTY COURTS OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA, MANATEE, AND DESOTO COUNTIES, FLORIDA**

**ADMINISTRATIVE ORDER 2022-07.1
(amends 2021-17.1 to include small claims PIP cases)**

**RE: COUNTY COURT CIVIL CASE MANAGEMENT
AND SMALL CLAIMS PIP CASES**
______________________________________________/

This Court entered Administrative Order 2021-17.1 to establish a standing order and protocols for county civil case management. Since then, it has become necessary to amend that order to include filing requirements for all PIP cases filed under the small claims jurisdiction of county court.

In accordance with Article V, section 7, Florida Constitution, section 43.26, Florida Statutes, and pursuant to the authority vested in Rule 2.215, Florida Rules of General Practice and Judicial Administration, establishing a Standing Order and Case Management Report for civil case management in county court that addresses the parties' responsibilities in original actions, and establishing filing requirements in all PIP cases filed under the small claims jurisdiction of the county court, is necessary for the efficient and proper administration of justice.

**NOW, THEREFORE, IT IS ORDERED** as follows:

**A. County Court Civil Case Management Requirements**

1. A Standing Order for County Court Civil Case Management, attached as "Attachment A", and a County Civil Case Management Report, attached as "Attachment B", shall be filed with all county civil complaints, except for eviction complaints or other summary proceedings filed under section 51.011, Florida Statutes.

2. The Clerks of Court in Sarasota, Manatee, and Desoto Counties are directed to require that any county civil complaint or petition filed, except for eviction complaints or other summary proceedings filed under section 51.011, Florida Statutes, have a copy of this Standing Order for County Civil Case Management and the County Civil Case Management Report attached thereto.

3. The Clerk of Court is directed to reject any new County Civil Complaint/Petition (not including evictions or other summary proceedings) that does not include this Standing Order and County Civil Case Management Report.

4. All Plaintiffs shall include in their initial filing of a case a copy of this Standing Order and County Civil Case Management Report and serve a copy of this Standing Order and Case Management Report upon all Defendants with the initial process. It is the responsibility of the Plaintiff and/or Plaintiff's counsel to provide the Defendant(s) with a copy of the Standing Order and County Civil Case Management Report by including it with the complaint at the time of service.

5. Failure to comply with the terms of the Standing Order may result in appropriate sanctions against the offending party.

**B. Small Claims PIP Cases**

1. Personal injury protection benefits ("PIP") cases are routinely filed within the Small Claims Division. These cases comprise a large percentage of the small claims cases filed, and in most cases the parties agree to invoke the Rules of Civil Procedure, as permitted by Rule 7.020(c), Florida Small Claims Rules, and waive appearance at pre-trial conference.

   The parties in such cases are represented by counsel, typically seek extensive discovery, and, as a result, the trial courts routinely adopt the parties' agreement to invoke the Florida Rules of Civil Procedure, resulting in the entry of individual orders in each case.

   The invocation of the Florida Rules of Civil Procedure uniformly at inception of the case throughout the Twelfth Judicial Circuit in PIP cases would promote judicial economy and efficiency and would avoid unnecessary consumption of pre-trial and mediation scheduling and other resources.

   The following provisions shall apply to all PIP claims filed in the Small Claims Division.

2. **Applicability of Rules of Civil Procedure**. In accordance with Florida Small Claims Rule 7.020, all rules of the Florida Rules of Civil Procedure (except as to lack of prosecution (which shall be governed by Rule 7.110(e)) are hereby invoked at the time of filing of the case. Additionally, Rules 7.135 (summary disposition) and 7.150 (jury trial) will prevail over Ruled 1.430 and 1.510. The parties will be required to comply with the mandates set forth in Part A of this Administrative Order (relating to Civil Case Management).

3. **Small Claims PIP Addendum.** For all PIP cases, the Plaintiff must file a Complaint that specifically states that this Administrative Order applies. A Small Claims PIP Addendum, in the form attached hereto as "Attachment C," shall be filed together with the Complaint. Failure to comply may result in appropriate sanctions.

4. **Summons.** In cases identified as a PIP case under paragraph 3, the Clerk shall issue a summons consistent with Form 1.902, Florida Rules of Civil Procedure, and this Administrative Order. The Clerk shall not set a small claims pre-trial conference or small claims mediation in the case.

5. Any party who objects to the invocation of the rules of civil procedure shall file a written objection within five (5) days of service of the Complaint on the last Defendant. Upon notifying the Court of the written objection, the case may be addressed as the Court deems appropriate, and the Court will reserve jurisdiction to vacate the invocation of the Rules of Civil Procedure.

**6.** All parties are required to mediate their case prior to trial at their own expense.

7. A party's counsel may set matters on the presiding judge's docket through the judicial assistant or scheduling on JACS.

8. Prior to requesting hearing time on discovery issues, counsel shall refer to the most current version of the Handbook on Discovery Practice, which can be found at http://www.flatls.org. Prior to requesting hearing time on a discovery issue, counsel shall conduct a good faith effort to resolve or narrow the discovery issues and shall certify that they have done so in their motion. *See* Rule 5, Twelfth Judicial Circuit Local Rules (https://www.jud12.flcourts.org/About/Local-Rules)

9. The provisions of this Administrative Order may be modified by the trial court for good cause shown in any individual PIP case.

This order is effective August 1, 2022, and shall remain in effect until further order of this court. Administrative Order 2017-17.1 is hereby amended as of that date.

**DONE AND ORDERED** in Sarasota County, Florida, this 8th day of July, 2022.

**CHARLES E. ROBERTS**
**CHIEF JUDGE**

Original to: Clerk of Court, Sarasota County

Copy to: Clerk of Court, Manatee County
Clerk of Court, Desoto County
All 12th Circuit County Court Judges
Kim Miller, Court Administrator
Monica Ausborn, Court Operations Manager
12th Circuit Bar Associations
Twelfth Judicial Circuit Website

**"ATTACHMENT A"**
*Amended effective August 1, 2022*

**IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR SARASOTA, MANATEE, AND DESOTO COUNTIES, FLORIDA**

**ISSUED PURSUANT TO ADMINISTRATIVE ORDER 2022-07.1**

## STANDING ORDER FOR COUNTY COURT CIVIL CASE MANAGEMENT
**(For General Track and Streamlined Cases)**

The following "Standing Order for County Court Civil Case Management" applies to all County Civil cases (and cases where the rules of civil procedure have been invoked), except eviction and other summary proceedings filed under 51.011, Florida Statutes. The Twelfth Judicial Circuit's County Civil Case Management Protocol directs the Clerks of Court in Sarasota, Manatee, and DeSoto Counties to require that any County Civil Complaint, except for eviction complaints or other summary proceedings filed under section 51.011, Florida Statutes, have a copy of this Standing Order for County Civil Case Management and the County Civil Case Management Report attached hereto.

1. The parties shall meet and confer within 30 days after the last party is served with initial process to discuss, and jointly complete, the Case Management Report. The burden in on the Plaintiff to submit the completed Case Management Report to the Court within 5 days after the initial meet and confer.

2. The Court's expectation is that the parties in most cases will agree to various deadlines in the Case Management Report and will not have to appear at an Initial Case Management Conference. If, however, there is disagreement on completing the Case Management Report, the parties must appear at an Initial Case Management Conference.

3. Based on the Case Management Report, the Court will enter a Case Management Order, a Trial Order, or both. The Case Management Order will tell the parties whether they are excused from attending an Initial Case Management, and it will set various deadlines that will govern the progression of the case. The parties must adhere to these deadlines unless changed by the Court upon a showing of good cause. Procrastination in completing discovery or the known unavailability of counsel not timely addressed will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings, and/or a dismissal of the action.

4. This case has been designated either as a "streamlined" or a "general track" case. General track and jury cases should be disposed of within 18 months of filing, and streamlined and non-jury cases should be disposed of within 12 months of filing. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B). Parties who seek an extended trial date beyond these time standards may be required to appear at an Initial Case Management Conference.

5. For small claims cases that proceed under one or more of the Florida Rules of Civil Procedure, pursuant to Fla. Sm. Cl. R. 7.020(c) if the deadline for the trial date specified in Fla. Sm. Cl. R. 7.090(d) no longer applies in the case, the Plaintiff shall attach this Standing Order and the Case Management Report.

6. The parties, or their attorneys, shall meet and confer within 30 days after the last party is served with initial process, or order invoking Rules of Civil Procedure is entered, to meet, confer, and jointly complete the Case Management Report.

7. The Plaintiff shall file the signed, completed Case Management Report within 5 days after the first meet and confer conference. Concurrently, the parties shall provide a copy of that Case Management Report to the assigned judge's designated email, copying all parties. If parties do not agree to the case management report, each party shall file their proposed Case Management Report and concurrently email the Court's judicial assistant with it, copying all parties. The Court will then take appropriate action.

8. The attorneys shall comply with the Local Rules of the Twelfth Judicial Circuit and the Standards of Professionalism of the Twelfth Judicial Circuit, each of which is posted on the Court's website: www.jud12.flcourts.org.

**DONE AND ORDERED** in Sarasota County, Florida, on this 8th day of July, 2022.

**CHARLES E. ROBERTS**
**CHIEF JUDGE**

**"ATTACHMENT B"**

**IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**IN AND FOR SARASOTA, MANATEE, AND DESOTO COUNTIES, FLORIDA**

**AMERICAN EXPRESS NATIONAL BANK**
**Plaintiff(s) / Petitioner(s),**

**v.**

DUSTIN HAWLEY
a/k/a DUSTIN M HAWLEY

**Defendant(s) / Respondent(s).**

**Case No.: [Text box]**
**Division: [Text box]**

**CASE MANAGEMENT REPORT**
**(for use in General and Streamlined Civil Cases)**

**Did all parties meet and confer as required?**

☐ Yes
☐ No (must schedule Case Management Conference unless the Court excuses you.)

**Is this case a General[1] or Streamlined[2] Civil Case?**

☐ General
☐ Streamlined

**This Case Management Report is submitted on behalf of:**

☐ All parties named in this lawsuit, each of whom agrees to this Report.
☐ Only on behalf of the following party or parties: ________________________________

The Court, in establishing case management deadlines, will give due regard to the parties' proposed deadlines. As required by various administrative orders, case management deadlines established in the Case Management Order will be strictly enforced. A party must demonstrate good cause for a date to be changed.

| DEADLINE, EVENT, OR QUESTION | MAXIMUM DEADLINE PERIOD | RESPONSE |
|---|---|---|
| **Do all parties agree to this Case Management Report?** (If no, you must schedule a Case Management Conference unless excused by the Court) | | ☐ Yes ☐ No |
| **Deadline for all objections to pleadings and pre-trial motions to be resolved** | 45 days after filing and prior to the pre-trial conference | |
| **Deadline to file initial witness and exhibit lists.** (The Court recommends 15 days before the Pre-Trial Conference date in jury cases and 15 days before the Trial Period in a nonjury case.) | | |

[1] All county civil cases are "general," unless otherwise specifically designated as complex or streamlined. "Complex" cases are civil cases that have been or may be designated by court order as complex under Rule 1.201.
[2] "Streamlined" cases are uncontested cases, cases not entitled to jury trial, or cases where a jury trial is not demanded, and anticipated trial length is less than two days.

| | | |
|---|---|---|
| **Discovery deadline. No discovery may occur after this date without Court permission or agreement of all parties.** | 450 days after Complaint filed for general cases, 270 days for streamlined | |
| **Dispositive motions (i.e., summary judgment) and <u>Daubert</u> motion deadline to be filed.** (The Court recommends no later than 30 days before the trial) | | |
| **Dispositive motion (i.e., summary judgment) and <u>Daubert</u> motion deadline to be heard.** (These motions may not be heard within 15 days before the first day of the trial without Court permission. Any pending motion not heard by the Court by this deadline will be denied.) | | |
| **Mediation deadline** | 450 days after Complaint filed for general cases, 270 days for streamlined | |
| **Projected trial date** | 18 months after Complaint filed for general cases, 12 months for streamlined | |

This Case Management Report is agreed to by:

______________________________
Plaintiff/Plaintiff's counsel
Counsel Bar No.:______________________

Address:______________________________
______________________________

Email: ______________________________

Phone: ______________________________

______________________________
Defendant/Defendant's counsel
Counsel Bar No.: ______________________

Address: ______________________________
______________________________

Email: ______________________________

Phone: ______________________________

**"ATTACHMENT C"**

**SMALL CLAIMS PIP ADDENDUM**

*File this Addendum in PIP cases filed in the Small Claims Division of the County Court. This Addendum shall guide the Clerk and the Court in the assignment of cases subject to Administrative Order 2022-07.1.*

_______(*check here*) **THIS IS A SMALL CLAIMS PIP CASE FOR WHICH THE RULES OF CIVIL PROCEDURE ARE INVOKED.**

By filing this Addendum, the Clerk will treat this case as a case filed under the Florida Rules of Civil Procedure (except as to lack of prosecution, summary disposition, and jury trial).

A copy of the Civil Cover Sheet and this Addendum must be served with the Complaint for all small claims PIP cases. **Plaintiff must also comply with Administrative Orders regarding case management in County Civil cases.**