**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SANFORD AIRPORT AUTHORITY,**

**Plaintiff/Counterclaim Defendant,** **CASE NO.: 6:23-cv-1563-PGB-DCI**

**v.**

**GREATER ORLANDO AVIATION AUTHORITY,**

**Defendant/Counterclaim Plaintiff.**
**________________________________________/**

**[GREATER ORLANDO'S PROPOSED] VERDICT FORM**

**Question One**

Do you find by a preponderance of the evidence that Sanford's use of ORLANDO SANFORD INTERNATIONAL AIRPORT or its design mark caused a likelihood of confusion with Greater Orlando's registered ORLANDO INTERNATIONAL AIRPORT design trademark?

Answer Yes or No ___________

**Question Two**

Do you find by a preponderance of the evidence that Greater Orlando owns a trademark that is entitled to protection in the name ORLANDO INTERNATIONAL AIRPORT?

Answer Yes or No ____________

**Question Three**

If you answered "Yes" to Question Two, do you find by a preponderance of the evidence that that Sanford's use of ORLANDO SANFORD INTERNATIONAL AIRPORT or its design mark caused a likelihood of confusion with Greater Orlando's unregistered ORLANDO INTERNATIONAL AIRPORT trademark?

Answer Yes or No ____________

If you answered "No" to questions 1 **and** 3, you should sign and date this form. If you answered "Yes" to either question 1 **or** 3 or yes to both 1 **and** 3, you should continue to answer the remaining questions.

**Question Four**

Do you find by a preponderance of the evidence that Greater Orlando has suffered actual damages as a result of SAA's use of a confusingly similar mark?

Answer Yes or No ____________

If you answered yes, what amount has GOAA suffered as actual damages?

$______________________________

**Question Five**

Do you find by a preponderance of the evidence that Sanford has earned profits attributable to its use of a confusingly similar mark?

Answer Yes or No ____________

If you answered yes, what amount of SAA's profits are attributable to its use of a confusingly similar mark?

$______________________________

**<u>Question Six</u>**

Do you find by a preponderance of the evidence that Sanford's conduct was willful and deliberate?

Answer Yes or No _____________

**<u>Question Seven</u>**[1]

Do you find by a preponderance of the evidence that Sanford has proven the phrase "Orlando International Airport" is a generic name, symbol or device, by which airport services are known.

**Generic, Not a Trademark** ________

**Descriptive, A Trademark** ________

SO SAY WE ALL.

___________________________
Foreperson's Signature

DATE: ___________________

[1] Greater Orlando does not believe this special verdict question is appropriate as the jury will be instructed that if Orlando Internation Airport is a generic term, they are to find the term is not a mark, as determined in Question Two. Having two questions on the same subject invites confusion and the possibility of inconsistent findings. Greater Orlando includes this question only because Sanford has argued it is entitled to a specific finding and if the Court finds in favor of Sanford, this question is an appropriate statement of the law, consistent with the 11th Circuit's Standard Jury Instructions.